UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD PATTON,<br><br>　　　　　　Plaintiff,<br>v.<br>LONNIE THOMAS, dba FIRST LIGHT PROPERTY MANAGEMENT, INC.; DARLENE THOMAS, dba FIRST LIGHT PROPERTY MANAGEMENT, INC.; FIRST LIGHT PROPERTY MANAGEMENT, INC.; AND JALEH HANASSAB,<br><br>　　　　　　Defendants. | Civil No.14cv1489 AJB (WVG)<br><br>ORDER:<br><br>(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (Doc. No. 2); and<br><br>(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL, (Doc. No. 3) |

　　　Plaintiff Donald Patton ("Plaintiff"), a nonprisoner proceeding pro se, has submitted a Complaint alleging housing discrimination on account of his ethnicity and/or medical conditions.[1] (Doc. No.1.) Plaintiff has not paid the $450 civil filing fee required to commence this action, but rather, has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. No. 2.) Plaintiff has also filed a motion for appointment of counsel under the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(f)(1). (Doc. No. 3.) For the reasons set forth below, the Court GRANTS Plaintiff's request to

---

[1] The Complaint did not specify the statutory and/or constitutional basis for the claim.

proceed in forma pauperis, (Doc. No. 2), and DENIES without prejudice his motion for appointment of counsel, (Doc. No. 3).

## BACKGROUND

### I. Factual Background

Plaintiff is a Native American (Oglala Sioux Tribe) and was diagnosed with Schizophrenia and alcoholism in 2004. (Doc. No. 1 at 1.)[2] Beginning in or around October 25, 2007, Plaintiff began receiving federally-funded low-income housing assistance through the United States Department of Housing and Urban Development ("HUD") program known as Section 8. (*Id.* at 2.) In or around November 8, 2007, with the assistance of Shanda Lewis, a Housing Specialist for the Community Research Foundation and the Downtown Impact Program, Plaintiff signed a residential lease with First La Jolla Financial/Afshin Reality and Nobel and Nobel Property Management.

Soon thereafter, Plaintiff moved into the Sapphire Apartment Complex, located at 1440 Lincoln Avenue #10, San Diego, California 92103-2617. (*Id.*) There are twenty-eight (28) units within Sapphire Apartment Complex, four (4) of which are set aside for Section 8 tenants. (*Id.*) Plaintiff alleges that he is the only Native American Section 8 tenant and that the other three Section 8 tenants are Caucasian. (*Id.*) On June 15, 2011, Plaintiff received an official announcement, hand delivered by Defendant Lonnie Thomas, notifying Plaintiff that Defendant First Light Property Management would be the new property managers, and that Defendant Jaleh Hanassab would be the new landlord. (*Id.*) Plaintiff alleges that since Defendants took over control of Sapphire Apartment Complex, he has not received a new or modified rental agreement or lease. (*Id.* at 2–3.)

Plaintiff has resided at Sapphire Apartment Complex since at least November 28, 2007, and continues to reside at the Sapphire Apartment Complex despite countless

---

[2] The Complaint does not contain page or line numbers.

eviction attempts by Defendants.³ (*Id.* at 2–8.) Plaintiff further alleges that the three Caucasian tenants who reside in the remaining Section 8 units have not been subject to eviction proceedings or the harassment and discrimination he has been subject to since at least Spring 2012. (*Id.*)

## DISCUSSION

### I.    Motion to Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing he is unable to pay filing fees. *See* 28 U.S.C. § 1915(a). However, even if a court finds the plaintiff has submitted adequate documentation detailing his inability to pay, before granting IFP status, the court must conduct a *sua sponte* review of the complaint to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Here, Plaintiff has submitted an affidavit that sufficiently details his inability to pay the filing fees in this matter. (Doc. No. 2.) Plaintiff is not currently employed, does not own an automobile or any other motor vehicle, does not have a savings, IRA, or money market account, and only has $1.29 in his checking account. (*Id.*) Plaintiff's only form of compensation comes from social security disability benefits in the amount of $877.40 per month. (*Id.*) Moreover, Plaintiff's complaint is sufficient to survive the *sua sponte* provisions of Section 1915(e)(2). The complaint provides detailed allegations regarding the date the alleged unlawful behavior occurred, and provides adequate factual support—at this stage in the proceedings—to support Plaintiff's allegations. Accordingly, the Court GRANTS Plaintiff's motion to proceed in forma pauperis.

---

³ The Complaint states that Defendants filed an unlawful detainer action against Plaintiff after he refused to quit the premises as of February 24, 2014. The status of that state court action is unclear.

## II. Motion for Appointment of Counsel

Plaintiff also seeks appointment of counsel under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1). (Doc. No. 3.) Section 2000e-5(f)(1) authorizes the appointment of counsel in "such circumstances as the court may deem just." However, there is no constitutional right to appointment of counsel under Section 2000e-5(f)(1). *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). To determine whether to appoint counsel, a court should consider three factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claim. *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). In cases where the particular facts warrant, other factors may also be taken into account, "so long as they are treated in a manner consistent with the policy of the statutory provision." *Bradshaw*, 662 F.2d at 1318 n.43. This includes a determination of whether the plaintiff has the capacity to present and prepare the case without the assistance of retained counsel. *See, e.g.*, *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). The determination of whether to appoint counsel "is left to the sound discretion of the district court." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).

Here, Plaintiff has clearly satisfied the financial requisites for appointment of counsel.[4] Plaintiff's declaration also reveals that Plaintiff has been unable to secure counsel. He contacted at least three attorneys, each of which refused to represent him in this instant action. However, at this stage in the proceeding, the Plaintiff has not adequately demonstrated that he is likely to succeed on the merits. *See DeJesus Rodriguez v. Anderson*, No. S-05-2572 MCEJFMPS, 2006 WL 2684358, at *2 (E.D. Cal. Sept. 19, 2006) ("However, the third factor, whether the complaint has merit, cannot be discerned this early in the litigation."). Although it is possible that Plaintiff's claims have merit, the

---

[4] A motion to proceed in forma pauperis requires a greater "showing of indigence then is required for appointment of counsel." *Ivey*, 673 F.2d at 269.

conclusory allegations do not support appointment of counsel at this time, nor has the Complaint clearly stated the federal statute and or constitutional provision under which he seeks relief. *See Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (denying appointment of counsel because plaintiff offered no evidence other than his own assertions to support his claims).

Even construing Plaintiff's request as a motion for appointment of counsel under 28 U.S.C. § 1915(d), Plaintiff's motion would be denied.[5]  Plaintiff has not demonstrated "exceptional circumstances" warranting such an appointment at this stage in the proceedings, nor has he shown an inability to prepare and present his case without the aid of appointed counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Therefore, Plaintiff request for appointment of counsel is DENIED.  This ruling does not prohibit Plaintiff from filing a renewed motion for appointment of counsel at a later date.

## CONCLUSION

Accordingly, the Court GRANTS Plaintiff's Motion to Proceed In Forma Pauperis, (Doc. No. 2) and DENIES Plaintiff's motion for Appointment of Counsel without prejudice, (Doc. No. 3).  The Court hereby ORDERS as follows:

1. The United States Marshal shall serve a copy of the Complaint, summons, and this Order upon Defendants as directed by plaintiff on U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendants or counsel of Defendants and the date of service.  Any paper received by a District Judge or Magistrate Judge

---

[5] Because Plaintiff is not alleging employment discrimination, his motion for appointment of counsel should have been brought under 28 U.S.C. § 1915(d).

which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

IT IS SO ORDERED.

DATED: June 23, 2014

Hon. Anthony J. Battaglia
U.S. District Judge