UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD PATTON,<br><br>                        Plaintiff,<br><br>v.<br><br>JALEH HANASSAB, an individual, FIRST LIGHT PROPERTY MANAGEMENT, INC., a California Corporation,<br><br>                       Defendant. | Case No.: 14-CV-1489-AJB-WVG<br><br>**ORDER DENYING DEFENDANTS' ORAL MOTION TO EXCLUDE WITNESSES** |

## I. INTRODUCTION

Defendants have orally raised a discovery dispute alleging that six witnesses were improperly disclosed and as such these witnesses should be barred from testifying at trial. The six witnesses are David Hilbish, Jackie McGee, Nicole Anderson, Naomi Lake, Mukesh Sanghadia, and Raymond Zeher (collectively "Subject Witnesses"). The parties participated in a discovery conference call on November 18, 2016, and provided several documents to the Court to aid in making a decision. Having considered the oral arguments and the documents provided, the Court DENIES Defendants' motion to strike the Subject Witnesses.

## II. LEGAL STANDARD

"A party must, without awaiting a discovery request, provide to the other parties the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Fed. R. Civ. P. 26(a)(1)(A)(i). These disclosures must generally occur within two weeks of the parties Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C). The duty to disclose, however, is continuing. "A party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure … in a timely manner *if* the party learns that in some material respect the disclosure is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e) (emphasis added). The Advisory Note on Rule 26(e) clarifies that there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process..." Fed. R. Civ. P. 26 Advisory Committee's note (1993 amend.). However, "a passing reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations." *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 863 (9th Cir. 2014).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The burden of proving that a party's failure to disclose was either substantially justified or harmless is on the party seeking to avoid sanctions. *R& R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

## III. BACKGROUND

Plaintiff Donald Patton is a Section 8 tenant who alleges that Defendants First Light Property Management, Inc. and Jaleh Hanassab discriminated against him in violation of

state and federal law by attempting to evict him because of his sexual orientation, national origin, and medical conditions of schizophrenia and alcoholism. Defendants deny that Plaintiff has been discriminated against and assert that his claims are either false, or imagined due to his ongoing mental illness. Defendants contend the attempts to evict Plaintiff were lawful and that any damage or emotional distress suffered by Plaintiff was due to his mental illness.

## III. DISCUSSION

Defendants argue Plaintiff violated Rule 26 because Plaintiff did not disclose the topic or scope of information the Subject Witnesses may provide in the initial disclosures. Plaintiff contends the disclosure requirement was satisfied by his initial disclosures as well as during the course of discovery through Plaintiff's deposition and Plaintiff's responses to Defendants' interrogatories and requests for production of documents.

### a. BACKGROUND

Plaintiff served on Defendants his initial disclosures on or about March 24, 2015. In the initial disclosures, Plaintiff listed thirty-one potential witnesses, including five of the six witnesses currently in dispute.[1] Plaintiff identified David Hilbish, Jackie McGee, Naomi Lake, and Raymond Zeher by name, address, and phone number. Nicole Anderson was identified by Name and title. Mukesh Sanghadia was not disclosed in Plaintiff's initial disclosures.

The Court issued a Notice and Order for an Early Neutral Evaluation ("ENE") and Case Management Conference on May 20, 2015, setting the conferences for June 17, 2015. (ECF No. 25.) The parties were ordered to be prepared to discuss any objections to initial disclosures made pursuant to Rule 26(a)(1)(A-D). (*Id*. at 4.) No objections to initial disclosures were made by Defendants.

On or about August 31, 2015, Plaintiff responded to Defendants' Interrogatories Set

---

[1] Although not currently in dispute, it is noteworthy that Defendants have not objected to any other witnesses allegedly not properly disclosed but who appear in the Final Pretrial Order.

One. Defendants propounded interrogatory nineteen which stated:

> Please IDENTIFY each healthcare provider who has treated YOU at any time for any alleged injury for which YOU claim any defendant is responsible.

Plaintiff responded by identifying Naomi Lake and Mukesh Sanghadia as those that provided treatment to Plaintiff. Defendants propounded interrogatory twenty-two which stated:

> Please IDENTIFY each PERSON who YOU contend has knowledge of any alleged emotional distress, stress or anxiety YOU claim to have suffered as a result of any act of defendant in this action, including each fact of which that PERSON has knowledge.

Plaintiff responded by identifying David Hilbish, Jackie McGee, Nicole Anderson, Naomi Lake, Mukesh Sanghadia, and Raymond Zeher as those that had knowledge of alleged emotional distress, stress or anxiety, and provided an address and phone number for each. There is no indication that Defendants objected, on sufficiency grounds (or lodged any objection at all) to Plaintiff's response to Defendants' interrogatories, in particular nineteen and twenty-two, prior to the present dispute.[2]

On June 17, 2016, Plaintiff filed a Motion to Exclude several witnesses and documents improperly disclosed by Defendants under Rule 26. (*See* ECF No. 49.) Defendants filed an Opposition to the motion on June 24, 2016, that included a cross-motion to exclude several documents that Defendant's claimed were improperly disclosed under Rule 26. (*See* ECF No. 51.) Absent from this cross-motion to exclude for improper disclosure was any mention of the Subject Witnesses.

On June 19, 2015, the Court entered a Scheduling Order setting, among other dates,

---

[2] Although not relevant to the present dispute, Plaintiff did not provide an answer responsive to the second portion of the interrogatory requesting each fact the person knew. This is not relevant because Rule 26 does not require each fact that a witness may know be disclosed. The Advisory Notes to Rule 26 state the scope should indicate "briefly the general topics" of which a potential witness may testify. Notwithstanding this deficient response, Plaintiff's response to interrogatory twenty-two was more than adequate to alert Defendant's that individuals listed by Plaintiff in his response had knowledge of his "emotional distress, stress, or anxiety," which is exactly what Defendants' requested.

4

September 16, 2016 as the deadline the parties were to file their respective pretrial disclosures and any subsequent objections. (ECF No. 28 at 5.) On September 16, 2016, Plaintiff filed his Pretrial Disclosures which listed the Subject Witnesses, among others. (*See* ECF No. 56.) Defendants filed a timely Objection to Plaintiff's Pretrial Disclosures on that same day. (*See* ECF No. 58.) In their Objection, Defendants objected to witnesses Troy Boyle and Ben Guillermo as being improperly disclosed pursuant to Rule 26. (ECF No. 58 at 2.) Absent from this Objection to Plaintiff's Pretrial Disclosures was any mention of the Subject Witnesses.

On November 16, 2016, the Honorable Judge Battaglia issued a Final Pretrial Conference Order ("PTO") listing David Hilbish and Jackie McGee as Plaintiff witnesses and Nicole Anderson, Naomi Lake, Mukesh Sanghadia, and Raymond Zeher as Plaintiff reserve witnesses. The PTO contains a brief description of the testimony these witnesses may provide. There is no indication that Defendants objected to the description of the testimony that may be provided by the disputed witnesses listed in the PTO.

For the reasons set forth below, the Court DENIES Defendants' motion to exclude as witnesses David Hilbish, Jackie McGee, Nicole Anderson, Naomi Lake, Mukesh Sanghadia, and Raymond Zeher.

**b. <u>UNTIMELY OBJECTION</u>**

The Court finds that Defendants' objection to Plaintiff's initial disclosures is untimely. Defendants had ample opportunity to object to Plaintiff's initial disclosures generally and the Subject Witnesses specifically. As a threshold matter, the Rule 26 requirement that a party amend their disclosures necessarily includes as a condition precedent a party's knowledge that its disclosures were deficient in the first place and before the duty to amend is triggered. Fed. R. Civ. P. 26(e). Given this, had Defendants objected to the initial disclosures in a timely manner or had Plaintiff otherwise realized his disclosures were deficient, Plaintiff would have had the opportunity and then the duty to amend or supplement his disclosures. Plaintiff served his initial disclosures on or about March 24, 2015, nearly twenty months ago. Nothing in the record nor in the documents

lodged with the Court indicates any objection to the initial disclosures occurred prior to the present motion.

Defendants' first formal opportunity to raise an objection to the initial disclosures occurred during the ENE Conference held on June 17, 2015. In the order setting the conference, the parties were ordered to be prepared to discuss potential objections to initial disclosures at the ENE conference. Despite the Court's order alerting the parties of the opportunity to object to initial disclosures, Defendants made no objection to the initial disclosures at the ENE Conference.

Defendants, in June of 2016, were again presented with an opportunity to raise an objection to the Subject Witnesses in their cross-motion to exclude in response to Plaintiff raising an issue very similar to the current issue – a Rule 26 disclosure violation. Defendants failed to do so at that time. Defendants were presented with yet another opportunity in September 2016 to object to these witnesses when Plaintiff filed his pretrial disclosures, listing the Subject Witnesses. Defendants failed to object to the Subject Witnesses despite the fact that Defendants objected to two other witnesses for improper disclosure pursuant to Rule 26.

The Court is unaware of any authority granting an objection to initial disclosures nineteen months after such disclosures were made and declines to do so at this time. Even were the Court to set aside the fact there was no objection made to the initial disclosures, the Court cannot ignore the fact that Defendants had multiple opportunities to raise the present objection to the Subject Witnesses and Defendants did not do so. Defendants cannot be heard to complain now that Plaintiff failed to comply (which he did not) with his disclosure obligations. Given these opportunities, the Court finds that Defendants' oral motion to exclude the six witnesses is untimely.

### c. WITNESS DISCLOSURE

The Court finds that even if Defendants' objections were timely, Plaintiff satisfied the requirements of Rule 26 because the scope of testimony to be provided was made known to Defendants during the discovery process with the exception of a portion of

testimony to be offered by Nicole Anderson.

### i. David Hilbish

Plaintiff has submitted documents he believes support the notion that Mr. David Hilbish was disclosed in discovery. Plaintiff provided a copy of his deposition, his response to Defendants' Request for Production of Documents, and his initial disclosures as evidence that the scope of testimony that Mr. Hilbish may offer was sufficiently disclosed to Defendants. Mr. Hilbish's testimony is described as follows in the PTO: "Plaintiff's emotional distress."

Plaintiff's deposition occurred on October 8, 2015. During the deposition, Plaintiff identified Mr. Hilbish as the person that provided Plaintiff with Ms. Lepine's contact information. Further, and more relevant to the issue at hand, Plaintiff stated in his deposition that he provided Mr. Hilbish with evidence, or at a minimum informed Mr. Hilbish, of an encounter with Mr. Lonnie Thomas, an agent of one of the defendants. Defendants' counsel inquired:

> You have no direct evidence that Mr. Lonnie Thomas made a comment to you "We don't want your kind here" because he didn't like you because you're a Native American; right?

Plaintiff stated he wrote down some information and provided it to Mr. Hilbish. Defendants' counsel identified this as the same person that directed Plaintiff to Ms. Lepine. Additionally, Mr. Hilbish was identified not only in Plaintiff's initial disclosures by name with an accompanying Housing Discrimination information document but also in Plaintiff's production of documents on two "Safety Plan" documents as an alcoholics anonymous sponsor[3]. Lastly, Mr. Hilbish was identified by Plaintiff in his response to Defendants' interrogatory number twenty-two as a person that has knowledge of Plaintiff's emotional distress, stress or anxiety.

The Court finds the subject of Mr. Hilbish's testimony was sufficiently disclosed in

---

[3] The document says "aa sponsor" which the Court believes stands for alcoholics anonymous.

the discovery process. The testimony provided by Plaintiff was greater than a "passing reference" in a deposition. *Ollier*, 768 F.3d at 863. The testimony was regarding a purported incident that is at the heart of the matter – the discrimination of Plaintiff. Plaintiff specifically identified Mr. Hilbish as someone with knowledge of an alleged incident of discrimination in response to a question offered by Defendants' counsel. Further, given that Defendants' chief argument in the case is that Plaintiff may have "imagined" the alleged incidents because of "his ongoing mental illness," it seems to the Court that testimony highlighting a witness that could corroborate or contradict Plaintiff's story to be particularly important. Further, Defendants were provided with Mr. Hilbish's name as a person having knowledge of Plaintiff's emotional distress, stress or anxiety in a written interrogatory response. Perhaps most important, the testimony of Mr. Hilbish identified in the PTO is in line with the information disclosed to Defendants. Thus, the scope of testimony of Mr. Hilbish was disclosed to Defendants during the discovery process, and Plaintiff satisfied the requirements of Rule 26.

### ii. Jackie McGee and Raymond Zeher

Ms. Jackie McGee and Mr. Raymond Zeher were identified in Plaintiff's initial disclosures by name, address, and telephone number. They were later identified as individuals that had knowledge of emotional distress, stress, or anxiety that Plaintiff suffered as a result of Defendants' conduct in Plaintiff's response to Defendants' interrogatories. Ms. McGee's and Mr. Zeher's testimony is described as follows in the PTO: "Plaintiff's emotional distress."

Plaintiff's response to interrogatory twenty-two placed Defendants on notice as to the scope of testimony that Ms. McGee and Mr. Zeher may provide, namely, the emotional distress Plaintiff suffered as a result of Defendants' actions. Importantly, the testimony of Ms. McGee and Mr. Zeher identified in the PTO is in line with the information disclosed to Defendants in Plaintiff's response to Defendants' interrogatories. Thus, the scope of testimony of Ms. McGee and Mr. Zeher was disclosed to Defendants during the discovery process, and Plaintiff satisfied the requirements of Rule 26.

### iii. Nicole Anderson

Ms. Nicole Anderson was disclosed by name and title only in Plaintiff's Initial Disclosures. Ms. Anderson's address and phone number were provided to Defendants in Plaintiff's responses to Defendants' Interrogatories. Further, Ms. Anderson was identified as an individual that had knowledge of emotional distress, stress, or anxiety that Plaintiff suffered as a result of Defendants' conduct in Plaintiff's responses to Defendants' Interrogatories. Ms. Anderson's testimony is described as follows in the PTO: "Program director at Downtown IMPACT Program, Plaintiff's emotional distress, program requirements."

Plaintiff provided several letters signed by Ms. Anderson as the program director for Community Research Foundation. Many of the letters appear to be very general in nature, with some clearly meant to be sent out to a broad audience. One letter was from Plaintiff to Ms. Anderson in which Plaintiff requested the dates of his monthly visits to one of the doctors in the Community Research Foundation. Ms. Anderson responded directly to Plaintiff with the requested dates.

These documents are sufficient to place Defendants on notice that Ms. Anderson may testify about Plaintiff's emotional distress, but not the extent of her involvement with the IMPACT Program. Similar to Ms. McGee, Ms. Anderson was disclosed near the beginning of the litigation, placing Defendants on notice that she may testify at trial. The scope of her testimony was at least partially identified when she was again disclosed as being a person with knowledge of Plaintiff's emotional distress. However, there is scant information about Ms. Anderson's role at IMPACT and how she may testify about this role at trial. Providing the job title to a witness does not necessarily indicate the witness will testify about their job. Thus, the testimony of Ms. Anderson was only partially disclosed.[4]

\ \ \

---

[4] The testimony of Nicole Anderson will not be limited, however, as Defendants' motion is untimely, as stated above. Further, Defendants offered no explanation as to how they would be prejudiced by Ms. Anderson's testimony about her role at IMPACT.

### iv. Naomi Lake

Dr. Naomi Lake was identified by name and address in Plaintiff's initial disclosures. During Plaintiff's deposition, he identified Dr. Lake as his psychotherapist that he sees at the San Diego American Indian Health Clinic. Plaintiff stated he had seen Dr. Lake once a month for two years. Plaintiff also provided a copy of Dr. Lake's business card that included her license number, address, telephone number, and email address in his response to Defendants' Request for Production. Further, Dr. Lake was identified as an individual that had knowledge of emotional distress, stress, or anxiety that Plaintiff suffered as a result of Defendants' conduct in Plaintiff's responses to Defendants' Interrogatories. Dr. Lake's testimony is described as follows in the PTO: "Treats Plaintiff at the San Diego American Indian Health Center."

Plaintiff's deposition testimony was sufficient to place Defendants on notice as to what the scope of Dr. Lake's testimony may be at trial. Similar to Mr. Hilbish, the testimony provided by Plaintiff was more than a "passing reference" to a name at a deposition. While Dr. Lake was not discussed at great length, Plaintiff did provide defense counsel with Dr. Lake's role in Plaintiff's life. Defendants' chief argument in this matter is that Plaintiff has imagined these events due to his mental illness. Given this and the testimony of Plaintiff at his deposition, Defendants were on notice that Dr. Lake may testify about Plaintiff's medical condition and treatment he received – all of which are relevant to the case at hand. Further, Dr. Lake was identified as a person that had knowledge of Plaintiff's emotional distress, stress or anxiety in Plaintiff's response to Defendants' interrogatory twenty-two. Importantly, the testimony of Dr. Lake identified in the PTO is in line with the information disclosed to Defendants. Thus, the scope of testimony of Dr. Lake was disclosed to Defendants during the discovery process, and Plaintiff satisfied the requirements of Rule 26.

### v. Mukesh Sanghadia

Plaintiff identified Dr. Mukesh Sanghadia as a medication management psychiatrist that he has seen once a month for approximately six months at the time of deposition.

Notably, Plaintiff testified that he reported to Dr. Sanghadia issues and problems in Plaintiff's life. Further, Dr. Sanghadia was identified as an individual that had knowledge of emotional distress, stress, or anxiety that Plaintiff suffered as a result of Defendants' conduct in Plaintiff's responses to Defendants' Interrogatories. Dr. Sanghadia's testimony is described as follows in the PTO: "Healthcare provider with Community Research Foundation/Downtown IMPACT who has treated Plaintiff for emotional distress."

Plaintiff identified Dr. Sanghadia as a healthcare provider Plaintiff sees for injuries that Defendants are allegedly responsible for causing. Plaintiff's deposition testimony was sufficient to place Defendants on notice as to what the scope of Dr. Sanghadia's testimony may be at trial. The discussion of Dr. Sanghadia was not simply a "passing reference." *Ollier*, 768 F.3d at 863. Similar to the testimony of Dr. Lake, the testimony regarding Dr. Sanghadia was not extensive. However, Defendants were on notice that Dr. Sanghadia was someone that Plaintiff confided in regarding problems and issues Plaintiff dealt with and that Dr. Sanghadia prescribed medications to Plaintiff. Both of these issues are directly related to Defendants' chief argument in the matter. Further, Dr. Sanghadia was identified as a person that had knowledge of Plaintiff's emotional distress, stress or anxiety in Plaintiff's response to Defendants' interrogatory twenty-two. Thus, the scope of testimony of Dr. Sanghadia was disclosed to Defendants during the discovery process, and Plaintiff satisfied the requirements of Rule 26.

## IV. DISTINGUISHING THE PREVIOUS COURT ORDER STRIKING WITNESSES

Defendant has argued the Court's ruling in this dispute should be consistent with the ruling made on Plaintiff's Motion to Exclude, (ECF No. 67,) and consequently the Court should also exclude Plaintiff's witnesses who are alleged to be improperly disclosed. Defendants' argument is misplaced for several reasons. The disclosure of the Subject Witnesses here is distinguishable from the complaint raised by Plaintiff which resulted in the Court's previous order striking several of Defendants' witnesses.

First, the witnesses at issue in Plaintiff's previous motion were not disclosed by

1  Defendants in any form during discovery whereas here the witnesses were identified by
2  name, address, and/or title. Plaintiff's disclosures occurred very early in the litigation
3  whereas Defendants' disclosure, such as it was, occurred several months after discovery
4  closed.
5        Second, the witnesses at issue in Plaintiff's previous motion were mentioned only in
6  passing during depositions, with some being mentioned merely by first name. In addition
7  to this, Plaintiff denied all knowledge of many interactions with those witnesses. Here, the
8  witnesses at issue were known to Defendants, were identified either in Plaintiff's initial
9  disclosure, discovery responses, and/or deposition, and were discussed in some depth in
10 areas specific to the witnesses' anticipated testimony.
11       Lastly, Plaintiff provided the names of the disputed witnesses in response to
12 Defendants' interrogatories as those that were aware of the alleged emotional distress,
13 stress or anxiety that Plaintiff suffered. In Plaintiff's previous motion, Defendants'
14 witnesses were never revealed in any written discovery responses by Defendants.

## V. **DEFENDANTS' EXHIBIT 50**

16       During the November 18, 2016 conference call, Plaintiff's counsel raised a new
17 dispute regarding a document produced by Defendants and listed as Exhibit 50 in the Final
18 Pretrial Order. Defendants' counsel acknowledged the document was produced late and
19 withdrew the document. However, later that same day, Defendants' counsel filed a Notice
20 of Rescission and Revocation of Withdrawal indicating he withdrew the document in error.
21 (See ECF No. 73.)
22       The parties shall meet and confer regarding Exhibit 50. Should the parties be unable
23 to resolve their dispute, they shall promptly contact the Court.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## VI. CONCLUSION

For the reasons set forth above, Defendants' oral motion to exclude David Hilbish, Jackie McGee, Nicole Anderson, Naomi Lake, Mukesh Sanghadia, and Raymond Zeher is DENIED.

**IT IS SO ORDERED**.

Dated:  November 29, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge